UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARMOR TURNER,

    Petitioner,

v.

NICK LUDWICK,

    Respondent,
_____/

Civil No. 2:09-CV-12891
HONORABLE GERALD E. ROSEN
CHIEF UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

Armor Turner, ("Petitioner"), presently incarcerated at the Newberry Correctional Facility in Newberry, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his convictions for unarmed robbery, M.C.L.A. 750.530; assault with intent to do great bodily harm less than murder, M.C.L.A. 750.84; and being a fourth felony habitual offender, M.C.L.A. 769.12. For the reasons stated below, the petition for writ of habeas corpus is DENIED.

### I. Background

Petitioner pleaded guilty to the above charges in the Wayne County Circuit Court, in exchange for a sentence agreement made with the trial court judge pursuant to *People v. Cobbs*, 443 Mich. 276; 505 N.W. 2d 208 (1993), in which the judge agreed to sentence petitioner to fourteen years, six months to forty years in prison.

On August 1, 2006, petitioner was sentenced to fourteen years, six months to forty years in prison.

1

Petitioner's conviction and sentence were affirmed on appeal. *People v. Turner,* No. 279618 (Mich.Ct.App. September 5, 2007); *lv. den.* 480 Mich. 959; 741 N.W. 2d 352 (2007). Petitioner then filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. Seq.,* which the trial court denied. *People v. Turner,* No. 06-6498-01 (Third Judicial Circuit Court, May 30, 2008). The Michigan appellate courts denied petitioner leave to appeal. *People v. Turner,* No. 287272 (Mich.Ct.App. January 7, 2009); *lv. den.* 483 Mich. 1110; 766 N.W. 2d 804 (2009).

Petitioner seeks a writ of habeas corpus on the following ground:

> OV 4, OV 10, and OV 13 were scored in plain error and since the correction to the scoring lowers the guidelines range defense counsel rendered ineffective assistance of counsel in agreeing to the misscoring.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set

2

of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### III. Discussion

**A. Claim # 1. Petitioner is not entitled to habeas relief on his sentencing claims because they are non-cognizable on federal habeas review.**

Petitioner initially alleges that the trial court judge incorrectly scored several of the offense variables under the Michigan Sentencing Guidelines, which caused his sentencing guidelines to be scored at fifty to two hundred months. Petitioner contends that had these offense variables been correctly scored, petitioner's guidelines range would have been

thirty six to one hundred and forty two months.

It is well-established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003); *See also Haskell v. Berghuis,* 695 F. Supp. 2d 574, 598 (E.D. Mich. 2010)*;Coy v. Renico,* 414 F. Supp. 2d 744, 780 (E.D. Mich. 2006). "Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *See Mitchell v. Vasbinder,* 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009)(citing *Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005)). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating his guideline score or in departing above his sentencing guidelines range alone would not merit habeas relief. *Id.* Petitioner is not entitled to habeas relief on this portion of his claim.

Petitioner further alleges in his reply brief that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors that had not been submitted to a jury and proven beyond a reasonable doubt when scoring his sentencing guidelines.

In *Blakely v. Washington*, 542 U.S. 296 (2004), the U.S. Supreme Court held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301 (citing *Apprendi*

4

*v. N.J.*, 530 U.S. 466, 490 (2000)).

Petitioner is not entitled to habeas relief on his claim. *Blakely* involved a trial court's departure from Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence within a minimum and maximum sentence. *See People v. Claypool*, 470 Mich. 715, 730, n. 14; 684 N.W.2d 278 (2004); *People v. Drohan*, 475 Mich. 140, 160-61; 715 N.W.2d 778 (2006)(both citing M.C.L.A. 769.8). "[M]ichigan's sentencing guidelines, unlike the Washington guidelines at issue in *Blakely*, create a range within which the trial court must set a minimum sentence." *Drohan*, 475 Mich. at 161. Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock*, 469 Mich. 247, 255, n. 7; 666 N.W.2d 231 (Mich. 2003)(citing M.C.L.A. 769.34(2)). Under Michigan law, the trial judge sets the minimum sentence, but can never exceed the maximum sentence. *Claypool*, 470 Mich. at 730. Therefore, Michigan's indeterminate sentencing scheme is unaffected by the U.S. Supreme Court's holding in *Blakely*. *Drohan*, 475 Mich. at 164.

The holding in *Blakely* is inapplicable to petitioner's sentence. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *Blakely*, 542 U.S. at 304-05, 308-09. The holdings in *Apprendi* and *Blakely* do not apply to a judge's factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum. *See Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009); *See also Montes v. Trombley,* 599 F.3d 490, 495 (6th Cir. 2010)(the *Blakely-Apprendi* rule requiring any fact that increases the penalty for a crime beyond the prescribed statutory maximum to be submitted to a jury and

5

proved beyond a reasonable doubt does not apply to laws that set the maximum sentence by statute but that permit a judge to determine the minimum sentence through judicial factfinding, and does not preclude a judge from utilizing the preponderance-of-the-evidence standard when finding facts related to sentencing). As noted by the Sixth Circuit, "[T]he Sixth Amendment gives a criminal defendant the right to have a jury find any fact that increases the *maximum* sentence the defendant faces, not any fact that increases the *minimum* sentence." *Arias v. Hudson*, 589 F.3d 315, 317 (6th Cir. 2009)(citing *McMillan v. Pennsylvania*, 477 U.S. 79 (1986))(emphasis original). Because Michigan's sentencing laws create an indeterminate-sentencing scheme, it does not violate petitioner's due-process rights or his right to a jury trial. *Montes,* 599 F. 3d at 497. Petitioner is not entitled to habeas relief on any *Blakely* claim. *Id.* [1]

> **B. Claim # 1. Petitioner is not entitled to habeas relief on his ineffective assistance of counsel claim because there is no clearly established federal law regarding the effective assistance of counsel in noncapital sentencings nor can petitioner show that he was prejudiced by counsel's failure to object to the scoring of the sentencing guidelines.**

As part of his first claim, petitioner alleges that his trial counsel was ineffective for failing to object to the scoring of the Michigan Sentencing Guidelines. Although unclear, it appears that petitioner may also be alleging that appellate counsel was ineffective for failing to raise the claim of the ineffective assistance of trial counsel on petitioner's direct appeal.

To show that he was denied the effective assistance of counsel under federal

---

[1] Because the holding in *Blakely* is inapplicable to Michigan's indeterminate sentencing scheme, trial counsel was not ineffective for failing to object to the scoring of the sentencing guidelines on this basis. *See Rupert v. Berghuis*, 619 F. Supp. 2d 363, 371 (W.D. Mich. 2008).

constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, the defendant must show that such performance prejudiced his defense. *Id.* The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F. 3d 602, 617 (6th Cir. 2005).

Although the Supreme Court has never expressly extended *Strickland* to noncapital sentencing cases, the Sixth Circuit has applied it in that context with regards to reviewing federal convictions on direct appeal. *See United States v. Stevens*, 851 F. 2d 140, 145 (6th Cir. 1988). However, the AEDPA standard of review found in 28 U.S.C. § 2254 (d)(1) prohibits the use of lower court decisions in determining whether the state court decision is contrary to, or an unreasonable application of, clearly established federal law. *See Miller v. Straub,* 299 F. 3d 570, 578-579 (6th Cir. 2002). The Ninth Circuit has noted, "[W]hen the Supreme Court established the test for ineffective assistance of counsel claims in *Strickland*, the [Supreme] Court expressly declined to 'consider the role of counsel in an ordinary sentencing, which ... may require a different approach to the definition of constitutionally effective assistance.'" *Cooper-Smith v. Palmateer*, 397 F. 3d 1236, 1244 & n. 39 (9th Cir. 2005)(quoting *Strickland,* 466 U.S. at 686). Because the Supreme Court has not decided what standard should apply to ineffective assistance of counsel claims in the noncapital sentencing context, there is no clearly established federal law regarding ineffective assistance of counsel claims in noncapital sentencing cases, so as to provide petitioner with a basis for habeas relief on his claim. *Id., See also Davis v. Grigas,* 443 F.

3d 1155, 1158 (9th Cir. 2006).

Assuming that *Strickland* applies to petitioner's ineffective assistance of counsel claim, he is not entitled to relief. Petitioner challenged the scoring of the various offense variables under the Michigan Sentencing Guidelines before the state courts both on his direct appeal and in his post-conviction motion for relief from judgment. The state courts rejected his sentencing claims on both occasions. When the alleged attorney error involves the failure to object to a violation of state law that does not involve the enforcement of federal constitutional rights or interests, there is no Supreme Court case which prevents a federal court sitting in habeas review of a state court conviction from looking "to whether there is a reasonable probability that the do-over proceeding state law provides would reach a different result." *See Hammond v. Hall,* 586 F.3d 1289, 1340 (11th Cir. 2009).

In light of the fact that petitioner's sentencing claims were rejected by the Michigan courts on both his direct appeal and in his post-conviction proceedings, petitioner cannot show that he was prejudiced by trial counsel's failure to object to the scoring of the Michigan Sentencing Guidelines. *See Myers v. Ludwick*, No. 2009 WL 4581693, * 3 (E.D. Mich. December 3, 2009). If "one is left with pure speculation on whether the outcome of ... the penalty phase could have been any different," there has been an insufficient showing of prejudice, for purposes of an ineffective assistance of counsel claim. *Baze v. Parker*, 371 F. 3d 310, 322 (6th Cir. 2004). Because petitioner has offered no evidence to show that the state trial court judge would have been inclined to impose a lesser sentence or that the Michigan appellate courts were inclined to reverse his sentence, petitioner is unable to show that he was prejudiced by his trial counsel's purported ineffectiveness in

8

failing to raise objections to his sentencing guidelines. *See Spencer v. Booker*, 254 Fed. Appx. 520, 525-26 (6th Cir. 2007).

Finally, to the extent that petitioner claims that appellate counsel was ineffective for failing to raise the issue of trial counsel's ineffectiveness on petitioner's direct appeal, a review of the brief on appeal that appellate counsel submitted on petitioner's behalf shows that appellate counsel did raise a claim that trial counsel was ineffective for failing to object to the scoring of the sentencing guidelines.[2] Accordingly, petitioner has failed to show that appellate counsel was ineffective.

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See*

---

[2] *See* Delayed Application for Leave to Appeal [part of this Court's Dkt. # 5-4].

9

also Strayhorn v. Booker, 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. See also Millender v. Adams, 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal in forma pauperis, because the appeal would be frivolous. See Allen v. Stovall, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that leave to appeal in forma pauperis is **DENIED**.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: December 2, 2011


I hereby certify that a copy of the foregoing document was served upon counsel of record on December 2, 2011, by electronic mail and upon Armor Turner, #125685, Newberry Correctional Facility, 3001 Newberry Avenue, Newberry, MI 49868 by ordinary mail.

s/Ruth A. Gunther
Case Manager